Anna PENK, et al., Plaintiffs,

v.

OREGON STATE BOARD OF HIGHER EDUCATION, Defendant.

Civ. No. 80–436.

United States District Court,
D. Oregon.

Sept. 28, 1982.

Don S. Willner and JoAnn G. Reynolds, Willner, Bennett, Bobbitt & Hartman, Portland, Or., for plaintiffs.

David B. Frohnmayer, Atty. Gen., James J. Casby, Jr., Asst. Atty. Gen., Eugene, Or., for defendant.

## OPINION AND ORDER

FRYE, District Judge:

Plaintiffs have moved this court to compel defendant to answer its Fifth Set of Interrogatories. Generally, these interrogatories ask for information regarding institutions' "Reduction in Force" (RIF) procedures resulting from budget problems. Defendant objects to the interrogatories on several grounds.

■ First, defendant claims that questions regarding RIF procedures are irrelevant and hence beyond the scope of discovery because plaintiffs did not allege discrimination with respect to reduction in force procedures in their complaint. Again, however, the issue is not whether information sought in discovery is relevant to any particular claim made by a plaintiff in his complaint, but rather whether the information is relevant to the subject matter of the lawsuit. The subject matter of the present lawsuit is the effect of certain of the defendant's policies on women faculty members. Discovery should be liberal enough to allow plaintiffs to fully investigate whether OSBHE policies effectively discriminate against women. RIF procedures may have the effect of discriminating against women. That plaintiffs have not alleged this particular form of discrimination in their complaint is not fatal, as pleadings may be liberally amended before trial. The court

rejects defendants objections based on relevancy.

■ Defendant next contends that affirmative action compliance reports are privileged and hence not subject to discovery. The reasoning of cases that sustain this privilege is that allowing discovery of affirmative action reports in Title VII litigation would tend to make employers less frank and less aggressive in evaluating what discriminatory problems do exist. This court agrees that the need to foster self-criticism in the employment discrimination area is a compelling consideration. On the other hand, the rule should not go beyond its reason. Portions of affirmative action reports that are merely statistical or descriptive of present conditions or present or future plans may be released without infringing upon the need for critical self-evaluation. *See O'Connor v. Chrysler Corporation,* 86 F.R.D. 211 (D.Mass.1980). Those portions of defendant's affirmative action reports which are not self-evaluative or subject to another claim of privilege are discoverable. Defendant may delete such self-evaluative portions of the reports, but must turn over those portions that are merely statistical or descriptive of present conditions or present or future plans.

Defendant contends that certain terms used by plaintiffs are imprecise. The court adopts plaintiffs' view that "Reduction in Force" means all voluntary or involuntary terminations or reductions in FTE required due to financial problems at the institutions. "Academic staff" will mean for purposes of these interrogatories that group of all OSBHE employees who are class members in this litigation as the class is presently defined. "Support service" refers to all support personnel working directly with faculty members.

The final contention of defendant is that the interrogatories are broad, burdensome, and harassing, and in particular that some of them are repetitive or ask for compilations of data that plaintiffs already possess. This requires a question-by-question examination of the interrogatories.

Interrogatories 1 through 5 are not repetitive and are relevant as explained above. Defendant is compelled to answer interrogatories 1 through 5 and to supply the requested documents.

Interrogatory number 6 is repetitive. Plaintiffs' motion to compel is denied as to interrogatory number 6.

■ Interrogatory number 7 requests information as to new faculty members hired since January of 1980. Although it may be true as defendant contends that such information may be derived from business records, this court believes that the cost of retrieving the information requested from defendant's computer is substantially lower than the cost to plaintiffs of manually assembling such information. Defendant is compelled to answer interrogatory number 7, subject to a showing that the information is not on tape and that the cost to either party to answer the interrogatory is substantially the same.

Interrogatories number 8 and 9 are somewhat repetitive. Defendant is compelled to answer interrogatory number 8 rephrased as follows: "Please provide a list of all programs, departments, schools and colleges which have been or are presently being eliminated as a result of RIF." Thus stated, interrogatory number 9 is not repetitive. It is relevant and defendant is compelled to answer it, subject to a showing as in number 7 above.

Interrogatories number 10 and 11 are relevant and defendant is compelled to answer them subject to a showing as in number 7 above.

Interrogatory number 12 requests a compilation of data that the court does not believe is readily retrievable from information on tape. Plaintiffs' motion is denied as to interrogatory number 12.

As to interrogatory number 13, plaintiffs have obtained information as to sabbatical and other leaves which have been granted. Defendant is compelled to answer with respect to sabbatical and other leaves for which application has been made and there-

after denied. The court agrees that "institutional research grants" is too vague.

IT IS ORDERED that plaintiffs' motion to compel is granted in part. Defendant will respond as indicated above.